UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANGEL CLAIRE DELORIMIER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-13961** |
| **PAYLESS SHOE SOURCE, INC., WILLIAM CURTIS, AND BYRON HOGAN** | **SECTION "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #8) is **GRANTED**, and this matter is **REMANDED** to the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana.

## BACKGROUND

This matter is before the court on a motion to remand filed by plaintiff, Angel Claire Delorimier, who argues that this matter should be remanded to the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana, because complete diversity is lacking. Defendants, Payless Shoe Source, Inc., William Curtis and Byron Hogan, argue that the motion should be denied because Curtis and Hogan were improperly joined solely to defeat diversity subject matter jurisdiction.

Delorimier was a letter carrier employed by the United States Postal Service. On July 18, 2015, while delivering mail to Payless's store located at 3141 Veterans Memorial Boulevard in Metairie, Louisiana, Delorimier tripped and fell on a raised portion of the sidewalk that adjoins the building. Delorimier sustained a fracture to her right humerus requiring surgery. Delorimier experienced pain and tenderness in her upper right arm that required her to wear a compression stocking. She also injured her lower back.

On June 6, 2016, Delorimier filed this action in the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana seeking damages related to the accident consisting of medical expenses, loss of income, loss of earning capacity and general damages.  Delorimier alleges that the walkway was raised approximately 3 to 4 inches in the area where she fell, that the condition was present for years and was likely the result of "soil subsidence." Delorimier alleges that the store managers, Curtis and Hogan, knew about the defect and failed to take any action to report or repair it.  Delorimier alleges that all of the defendants "had actual and construct[ive] knowledge of this hazardous condition that created the unreasonable risk of harm . . . , and that they failed to maintain, correct, fix or warn pedestrians and invitees of this hazard," thus they "are strictly liable for this long standing, unreasonably hazardous defect."  Delormier contends that the defendants were negligent for failing to: warn, remedy the defect, exercise reasonable care, inspect the premises for defects, act upon notice of the defect, maintain the premises in a safe condition, do what they should have done, and properly warn or mark the elevated portion of the sidewalk that is adjacent to the building.  Further, she alleges that the defendants were negligent in subjecting their invitees to a hazard that they knew or should have known was a tripping hazard, and for the corporate office's failure to take any action to remedy the hazard.

On August 19, 2016, defendants removed this action to the United States District Court for the Eastern District of Louisiana alleging diversity subject matter jurisdiction under 28 U.S.C. § 1332.  Defendants acknowledge that there is more than $75,000 in controversy, and that Payless is a citizen of Kansas, and Curtis and Hogan are citizens of Louisiana, as is Delorimier.  However, defendants allege that Curtis and Hogan are improperly joined solely to defeat subject matter jurisdiction because Delorimier cannot sustain claims against them under Louisiana law.

Thereafter, Delorimier filed the instant motion to remand arguing that complete diversity is lacking because Curtis and Hogan are proper defendants. She contends that she can sustain causes of action against them under Louisiana law because she alleges that they were personally responsible for discovering the defect and reporting it to the corporate office as the local "eyes and ears" of Payless, and that they did not take any action to fulfill their duties to report or repair the tripping hazard.

Defendants argue that Curtis and Hogan are improperly joined because Delorimier is alleging a failure of administrative duties, not a personal duty to Delorimier. They contend that Curtis and Hogan could not determine that the alleged defect was unreasonably dangerous under the risk versus utility test of Louisiana law because the Supreme Court of Louisiana has recognized that it is common for the surfaces of streets, sidewalks and parking lots to be irregular in Louisiana and there is no duty to ensure that all surfaces are perfectly smooth. They further contend that Curtis and Hogan could not have been expected to spend their own money to fix the sidewalk on property that they do not own.

## ANALYSIS

**A.    Remand Standard**

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993).

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that

removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

## B. Diversity Subject Matter Jurisdiction under § 1332(a)

Defendants removed this action alleging that this court has diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), which provides that district courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and are between citizens of different States. Defendants contend that Delorimier is a Louisiana citizen, and the properly joined defendant, Payless, is not. They argue that Curtis and Hogan, who are a Louisiana citizens, were improperly joined solely to defeat diversity subject matter jurisdiction.

### 1. Improper Joinder

Defendants argue that Curtis's and Hogan's citizenship should be disregarded for the purposes of establishing subject matter jurisdiction because they are improperly joined considering that Delorimier cannot maintain claims against them under Louisiana law.

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the allegedly improperly joined parties in state court. Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*). The United States Court of Appeals for the Fifth Circuit has stated:

> The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

\*     \*     \*

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, . . ., in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In which cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

Id. (citations omitted). Further, the United States Court of Appeals for the Fifth Circuit cautioned "that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. at 573–74.

The "burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). When reviewing an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" Burden v. Gen. Dynamics Corp., 60 F.3d 213, 216 (5th Cir. 1995) (quoting B., Inc., 663 F.2d at 549). Further, the court must resolve all ambiguities in the controlling state law in the plaintiff's favor. Id.

### 2. Delorimier's Causes of Action Against Curtis and Hogan

Because defendants do not claim that Delorimier committed actual fraud in the pleadings, the sole issue for determining whether Curtis and Hogan are improperly joined is whether Delorimier would be able to establish causes of action against them in Louisiana state court. See Smallwood, 385 F.3d at 573. In Canter v. Koehring Co., 283 So.2d 716, 722 (La. 1973), the Supreme Court of Louisiana stated as follows:

> The failure to act as required by the employment duty may deprive the third person of a protection owed [her] by the principal or

>employer, and such risk of harm because of the breach may have been reasonably foreseeable. Thus, the breach of the duty imposed by the employment or agency relationship may, under general tort principles, be actionable negligence because of the creation or maintenance thereby of an undue risk of harm to others.

(citations omitted).

An employee is liable to a third-person damaged by reason of the breach of an employment-imposed duty under the following circumstances:

>1) The principal or employer owes a duty of care to the third person, . . . breach of which has caused the damage for which recovery is sought.
>
>2) This duty is delegated by the principal or employer to the defendant.
>
>3) The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances—whether such failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.
>
>4) With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

Id. at 721. Since Canter was decided, Louisiana jurisprudence has held that a cause of action lies against an employee when the breach of a duty imposed on him by his employer causes injury to a third person. Holmes v. Great Atl. And Pac Tea Co. d/b/a A & P Food Store, 587 So.2d 750, 752

(La. Ct. App. 1991) (citing Canter, 283 So.2d 716 (La. 1973). "Whether a breach of a delegated duty by an employee gives rise to personal liability on his part must be determined after trial on the merits and in accordance with the factors set out in Canter . . ." Id.

Defendants rely on Reed v. Wal-Mart Stores, Inc., 708 So.2d 362 (La. 1998), in arguing that Curtis and Hogan could not have known that the alleged defect was unreasonably dangerous. In Reed, the plaintiff sued Wal-Mart after she broke her arm when she tripped and fell in the parking lot. Id. at 363. The parking lot was constructed of 15 foot concrete squares. Id. The plaintiff tripped over an uneven expansion joint between two squares, which created a height variance of approximately ¼ to ½ inch. Id. The trial and appellate courts held that the height variance presented an unreasonable risk of harm. Id. However, the Supreme Court of Louisiana reversed, noting that a premises owner does not have a duty to eliminate all variations in elevations existing along the countless cracks, seams, joints and curbs, because the surfaces of streets, sidewalks, and parking lots are commonly irregular. Id. It is not required that such surfaces be smooth or lack deviation, because that would be impossible. Id. Instead, "a party may only be held liable for those defects which present an unreasonable risk of harm." Id. To determine "whether a defect presents an unreasonable risk of harm, the trier of fact must balance the gravity and risk of harm against the individual and societal rights and obligations, the social utility, and the cost and feasibility of repair." Id. at 365 (citations omitted).

Although the Supreme Court of Louisiana has noted that paved areas do not have to be perfect, Louisiana courts have found that large height variations in surfaces can pose an unreasonable risk of harm. For example, in Johnson v. Brookshire Grocery Co., 754 So.2d 346, 350-51 (La. Ct. App. 2000), the court found that a 3 to 4 inch hole in a crosswalk constituted an unreasonable risk of harm. The court distinguished Reed by noting that the ¼ to ½ inch expansion

joint cracks in Reed were "relatively small" in comparison. Id. at 351. Similarly, in Joseph v. City of New Orleans, 842 So.2d 420, 425 (La. Ct. App. 2003), the court found that a height variance in a sidewalk of over 3 inches posed an unreasonable risk of harm.

In this case, Delorimier alleges that she tripped on a sidewalk that had a height variance of 3 to 4 inches. She alleges that Curtis and Hogan, as the store managers on site, owed a duty to invitees to maintain a safe premises, and that they should have noticed the height variance, reported it to Payless's corporate office and ensured that any potential risk was mitigated or eliminated. These allegations are sufficient to state a cause of action under the Canter factors because they allege that Curtis and Hogan personally failed to perform specific duties and/or to correct certain conditions about which they should have known. Therefore, Curtis and Hogan are properly joined defendants. This court lacks diversity subject matter jurisdiction and this matter must be remanded to the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. #8) is **GRANTED**, and this matter is **REMANDED** to the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, this  3rd   day of November, 2016.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**